COTA, Appellant, v. JONES and Wife, Respondents.

## No. 8009; January 20, 1882.

**Superior Court's Jurisdiction—Breach of Confidence.**—The constitution clothes the superior courts with jurisdiction of all cases where breach of confidence is shown.

**Fraud.—In a Suit by a Cestui Que Trust Against a Trustee,** a complaint that sets out fraud and asks accordingly for a restoration of property as the relief states facts sufficient to constitute a cause of action.

**Estates of Decedents.—A Conveyance Fraudulently Obtained,** in deference to which the probate court has distributed the grantor's share of the estate to the grantee, does not estop the grantor, proceeding without undue delay, to sue for a restoration, setting out the fraud in his complaint.

**Fraud—Laches—Limitation of Actions.**—There is no stale claim disclosed and the statute of limitations is no bar, if a plaintiff, in an action for relief from a fraud practiced upon her, discovered the fraud only within two months of bringing suit.

**Fraud—Laches—Discovery by Counsel.**—In a complaint setting out fraud and objected to as revealing delay in bringing the action, it is sufficient to refer to investigation by counsel as the means whereby the fraud was unearthed, when the plaintiff is unused to business, ignorant, and unacquainted with the language.

APPEAL from Superior Court, Santa Barbara County.

Packard & Stratton for appellant; Richards & Boyce for respondents.

McKEE, J.—After sustaining a demurrer to the complaint in this action, the court below dismissed the action, and from the judgment of dismissal comes this appeal.

Substantially, the complaint shows that the plaintiff and defendant Ramona Jones are sisters, and two of eight heirs at law of Juana Lugardo Malo, deceased; that the defendant D. W. Ap Jones is the husband of his codefendant Ramona, brother in law of the plaintiff, and administrator of the estate of the deceased Juana Lugardo; that the plaintiff, as an heir at law of the deceased, and entitled to an undivided one-eighth interest of the estate, was wholly ignorant of the condition of the estate, and of the value of her interest therein; and, being

ignorant, she placed implicit confidence in the defendants, and relied solely upon the representations which they made to her upon the subjects; that, for the purpose of cheating and defrauding her out of her share of the real and personal property of the deceased, they falsely and fraudulently represented to her that it was of little value, until they induced her to transfer her entire interest in the estate of her sister Ramona, through the medium of one Huse, to whom, at the request and under the direction of the defendants, she executed a conveyance of her interest, expressing a consideration of fifteen hundred dollars, and delivered it to the defendant, D. W. Ap Jones; that Huse, who paid no part of the consideration money, and to whom the conveyance was made but not delivered, executed and delivered to the defendants, pursuant to the arrangement and understanding between him and them, a conveyance of the property; and by virtue of the conveyances thus fraudulently obtained, the defendant claimed and received, on a distribution of the estate among the heirs at law, the full share of the plaintiff in the real and personal property of the estate, in value amounting to eight thousand dollars; that the defendants have been, since the date of the conveyance to Huse, in possession of her estate in the real property, which consists of two ranches, known as the Santa Rita and Purissima ranches in Santa Barbara county, taking to themselves the rents and profits of the same; that she has always been ignorant of the fraudulent practices by which the defendants obtained from her the conveyance of her property, until they were brought to her knowledge by the investigations of counsel, about two months before the commencement of the action. And she asks that the transaction be investigated, that the defendants be declared her trustees of all the real estate obtained by them under the fraudulent conveyances, and that they be compelled to convey the same back to her.

The grounds of demurrer upon which defendants rely are that the complaint does not state facts sufficient to constitute a cause of action, that the court has no jurisdiction of the subject matter, that the cause of action is barred by the statute of limitations, and that the complaint is ambiguous and uncertain.

The facts are sufficient to constitute a cause of action. The cause of action springs from fraud, and the object of the action is to charge the defendants, as trustees for the plaintiff of property obtained from her by fraud, and to compel them, as actors in a fraudulent transaction, to restore the fruits of their fraudulent conduct. "Covin, accident, and breach of confidence" are the oldest subjects of equity jurisdiction; and of those subjects original jurisdiction has been conferred upon the superior courts of the state by article 6, section 5 of the constitution. Therefore there is no question of the jurisdiction of the lower court over the subject matter of the action.

Being an action for relief on the ground of fraud, the plaintiff is not estopped by the fact that the defendants claimed and received, in the distribution of the estate, the share of the plaintiff in the estate by virtue of the conveyance obtained from her by fraud. It was incumbent on the probate court in making partition or distribution of the estate to assign the share of the plaintiff to the person holding her conveyance (Code Civ. Proc., sec. 1678) ; but that did not clothe the assignee with a new title to the property of the plaintiff if the conveyance under which it was assigned to him had been obtained from the plaintiff by fraud; nor did it, in any way, affect the jurisdiction of a court in equity to grant relief against the fraudulent conduct of the assignee in obtaining the title to the property. A person injured by the fraud of another is not affected by his subsequent acts in obtaining, or enjoying, possession of the property acquired by the fraud, unless he has allowed his claim for relief to become stale or to be barred by the statute of limitations.

But in the case in hand the facts do not disclose a stale claim ; and the cause of action is not barred by the statute of limitations, if the plaintiff was ignorant of the fraud which had been practiced upon her, and did not discover it until two months before the commencement of the action: Code Civ. Proc., subd. 4, sec. 338.

On this subject of discovery, however, it is urged that the complaint does not show how the alleged discovery was made. The allegation is "that the fraud perpetrated by the defendants was brought to her knowledge by the investigation of counsel."

That is claimed to be insufficient, and it is insisted that the pleading should show "what the discovery was, how it was made, and why it was not made sooner." But it does sufficiently appear by the complaint that the plaintiff discovered, only two months before the commencement of the action, that the defendants had, by false and fraudulent practices, obtained from her for fifteen hundred dollars a conveyance of property of the value of eight thousand dollars, and that she did not know of the fraud by which it had been accomplished until the investigation of counsel revealed it, because she was ignorant and unacquainted with business, and could neither read nor speak the English language, and could not ascertain for herself anything upon the subject, and was wholly ignorant in relation to it until she ascertained it from counsel.

We think as a pleading the complaint is sufficient: Moore v. Moore, 6 Pac. C. L. J. 444.

Judgment reversed, with direction to the court below to overrule the demurrer.

We concur: McKinstry, J.; Ross, J.